UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA EVETTE MOODY, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, <br> Defendant. | Case No. 16-cv-03646-JSC <br><br> **ORDER RE: PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES** <br> Re: Dkt. No. 22 |

Plaintiff's counsel, Katherine Siegfried moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in her successful appeal of the Commissioner of the Social Security Administration's ("Commissioner's") denial of social security disability benefits. (Dkt. No. 22.)[1] The Commissioner filed a response taking no position on Ms. Siegfried's motion. (Dkt. No. 23.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Ms. Siegfried's motion.

## BACKGROUND

The instant motion stems from Plaintiff's appeal of the Commissioner's denial of social security disability benefits for a combination of impairments including: complex partial epilepsy, lupus anticoagulant syndrome with history of pulmonary embolisms (PE) and deep vein thrombosis (DVT) on clot prophylaxis with Coumadin, uterine fibroids status post hysterectomy, hypertension, vertigo, migraines, asthma, and obstructive sleep apnea. (*See* Dkt. No. 18 at 1.) On July 28, 2017, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross motion for summary judgment, and remanded for further proceedings consistent with the Court's order. (*Id.* at 25-26.) On August 18, 2017, pursuant to the parties' stipulation, the Court

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

awarded $7,000.00 in attorneys' fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 1920, 2412(d). (Dkt. No. 21.)

The Commissioner awarded benefits on remand and Plaintiff received a Notice of Award in December 2018, indicating an award of both past due and ongoing benefits. (*See* Dkt. Nos. 22-2 at ¶¶ 5-6 & 24-1 at 4 (noting "[t]he past due benefit period as per the Administrative Law Judge decision dated August 1, 2018 is September 2014 through November 2018").) Plaintiff appealed that award, however, "because it did not appear correct." (Dkt. No. 22-2 at ¶ 6; *see also* Dkt. No. 24-1 at 4 (noting that "[t]he total past due benefits for this period are $9,686.00").) The Commissioner issued a Notice of Change in Benefits on February 20, 2019 ("February Notice"), listing monthly benefit amounts that total $36,981.90 in past-due benefits. (Dkt. No. 22-5 at 1; *see also* Dkt. No. 23-1 at 1-2 (calculating total past-due benefits based on amounts listed in Dkt. No. 22-5).)

On April 15, 2019, the Commissioner issued a Notice of Award ("April Notice") regarding "monthly child's benefits from Social Security beginning September 2014." (Dkt. No. 22-6 at 1.) The April Notice lists monthly benefit amounts that total $8,8160.80 in past-due benefits. (*See id.*; *see also* Dkt. No. 23-1 at 1-2 (calculating total past-due benefits based on amounts listed in Dkt. No. 22-6).) Further, the April Notice states that Plaintiff's counsel "may ask the court to approve a fee no larger than 25 percent of past due benefits" and "for this reason, [the Commissioner is] withholding $2,200.50" of past-due child's benefits. (Dkt. No. 22-6 at 1.)

Pursuant to Plaintiff and Ms. Siegfried's contingent-fee agreement for this case, Ms. Siegfried may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 22-1.) Ms. Siegfried requests fees in the amount of $11,449.68, representing 25 percent of the total past-due benefits ($45,798.70) reflected in the February Notice and the April Notice.[2] (*See* Dkt. No. 24 at 1 (amending the requested amount because Ms. Siegfried originally "miscalculated the amount" of past-due benefits paid); *see also* Dkt. No. 23-1 at 2 (calculating total past-due

---

[2] As discussed in the Discussion section, this amount is not offset by the $7,000 in EAJA fees because the entire EAJA award was applied toward Plaintiff's debts to the Internal Revenue Service ("IRS"). (*See* Dkt. No. 22-3; *see also* Dkt. No. 22-2 at ¶ 8.)

2

1 benefits in the amount of $45,798.70).)

2 Ms. Siegfried attests that on May 7, 2019, she electronically served Plaintiff with a copy of the instant motion "and all supporting papers," and "mailed a copy to [Plaintiff's] home address." (Dkt. No. 22-2 at ¶ 11.) Plaintiff has not filed a response or otherwise contacted the Court regarding the instant motion. As previously discussed, the Commissioner filed a response providing an analysis of the fee request but "tak[ing] no position on the reasonableness of the request." (Dkt. No. 23 at 4.)

**LEGAL STANDARD**

Under Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to the claimant's attorney; such a fee can be no more than 25 percent of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A district court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; thus, where the court reversed the Administrative Law Judges determination and remanded for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Instead, when evaluating a request for fees under § 406(b), a court must "look[ ] first to the contingent-fee agreement, then test[ ] it for reasonableness." *Id.* at 808. The fee applicant has the burden of demonstrating that "the fee sought is reasonable for the services rendered," and in no case can an attorney recover fees that exceed the 25 percent limit set under § 406(b). *Id.* at 807.

In determining the reasonableness of fees requested pursuant to 406(b), courts must analyze the character of representation and the results achieved. *Id.* at 808. Relevant to that inquiry is consideration of: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the benefits achieved are

3

disproportional to the time spent on the case; and the risk counsel assumed by excepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of § 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *see also Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**DISCUSSION**

Ms. Siegfried has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, the contingent-fee agreement is within the 25 percent limit permitted under Section 406(b). (*See* Dkt. No. 22-1 at 1 (providing that Plaintiff "agree[s] to pay [her] attorney a fee of up to twenty-five percent . . . of all past-due benefits awarded," and "[a]t no point will Ms. Siegfried charge more than 25% of all past-due benefits").) Second, there is no indication that a reduction of fees is warranted due to any substandard performance by Ms. Siegfried or that she delayed the proceedings in district court to increase the amount of fees. To the contrary, Ms. Siegfried provided 38.8 hours of work on Plaintiff's appeal, (*see* Dkt. No. 22-2 at ¶ 12), and ultimately achieved favorable results for Plaintiff. Third, the fees requested are not disproportional to the time Ms. Siegfried spent on the case; indeed, the contingent-fee agreement notes that "Ms. Siegfried charges $350 an hour," which would put her fees in this case at $13,580 if calculated on an hourly basis. (*See* Dkt. No. 22-1 at 1.) Nor are the fees disproportional to the benefits achieved; in addition to past-due benefits, Plaintiff will receive ongoing disability benefits. (*See* Dkt. Nos. 22-4 – 22-6.) Finally, Ms. Siegfried assumed a substantial risk of not recovering fees by representing Plaintiff on a contingency basis. Plaintiff and Ms. Siegfried entered into the contingent-fee agreement prior to the filing of the underlying action in district court. At that time, the Commissioner had denied Plaintiff's application for disability benefits and Ms. Siegfried could not know that the Court would remand to the Commissioner for a further hearing.

Accordingly, the Court finds that the amount of requested fees is reasonable. Further, because Ms. Siegfried never received the EAJA fees previously awarded by the Court and that amount was instead garnished by the IRS to satisfy Plaintiff's tax debt, (*see* Dkt. No. 22-3; *see*

4

*also* Dkt. No. 22-2 at ¶ 8), there is no EAJA offset.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $11,449.68, payable to the Law Office of Katherine Siegfried.

**IT IS SO ORDERED.**

Dated: July 10, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge